# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: **REBECCA ORR**
Belk, Inc.
2801 W Tyvola Rd
Charlotte, NC 28217-4500

SOP Transmittal # **532887239**

800-592-9023 - Telephone

Entity Served: BELK, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of SOUTH CAROLINA on this 01 day of March, 2018. The following is a summary of the document(s) received:

1. **Title of Action:** Angie Harris, Pltf. vs. Belk, Inc. and Teresa Brouillette, etc., Dfts.
2. **Document(s) Served:** Other: Letter(s), Certificate(s), Summons, Complaint,
3. **Court of Jurisdiction/Case Number:** Laurens County Court of Common Pleas, SC
   Case # 2018CP3000179
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   ___ Personally served by:   ___ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U. S Marshall

   _X_ Delivered Via:   _X_ Certified Mail   ___ Regular Mail   ___ Facsimile

   ___ Other (Explain):

6. **Date of Receipt:** 03/01/2018
7. **Appearance/Answer Date:** Within 30 days after service, exclusive of the day of service
8. **Received From:** Susie Miller
   Jordan Law Firm
   546 E. Main Street
   Rock Hill, SC 29730
   803-817-7999
9. **Carrier Airbill #**
10. **Call Made to:** Not required
11. **Special Comments:**
NRAI has retained the current log, Retain Date: 03/02/2018, Expected Purge Date: 05/31/2018
Image SOP
Email Notification, REBECCA ORR  REBECCA_ORR@BELK.COM
Email Notification, Stacy Gray  stacy_gray@belk.com
Email Notification, Nicole Ramsdell  nicole_ramsdell@belk.com
Email Notification, Alison Foster  Alison_Foster@belk.com

NATIONAL REGISTERED AGENTS, INC.                CopiesTo:

Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**CERTIFIED MAIL**

Jordan Law Firm, P.C.
PO Box 11785
Rock Hill SC 29731

7017 2680 0000 3721 9058



U.S. POSTAGE PAID
ROCK HILL, SC
29730
FEB 27, 18
AMOUNT
$7.62
R2304M111299-07

1000   29223

National Registered Agents, Inc.
2 Office Park Court Suite 103
Columbia SC 29223

2922335948 CC08



# Jordan Law Firm, P.C.

## Attorneys and Counselors at Law

546 East Main Street
Rock Hill, South Carolina 29730
Post Office Box 11785 (29731)
Telephone: (803) 817-7999
Fax: (803) 817-9704

D. Bradley Jordan*

Chan M. Ahn**
Of Counsel

\* Licensed in SC & DC
\*\* Licensed in GA, SC & DC

February 27, 2018

National Registered Agents, Inc.
2 Office Park Court Suite 103
Columbia SC 29223

Re: Angie Harris v. Belk, Inc. and Teresa Brouillette, Individually and as Agent, Servant or Employee of Belk, Inc.
Case No.: 2018-CP-30-00179

Dear Sir or Madam:

Enclosed please find the Summons and Complaint regarding the above referenced matter, which is being served upon you as Registered Agent along with our Certificate of Service.

Sincerely,

Susie Miller

Susie Miller, Legal Secretary to
D. Bradley Jordan
Attorneys at Law

/jsm

Enclosures

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   EIGHTH JUDICIAL CIRCUIT
COUNTY OF LAURENS       )
                        )   C.A. No.: 2017-CP-30-00179
Angie Harris            )
                        )
        Plaintiff,      )
                        )
vs.                     )   CERTIFICATE OF SERVICE
                        )
Belk, Inc., and Teresa Brouillette, )
Individually and as Agent, Servant or )
Employee of Belk, Inc.  )
                        )
        Defendants.     )
_____)

This is to certify that a copy of the foregoing Summons and Complaint was served upon the Registered Agent for Belk, Inc. by mailing a copy of the same certified mail to the address shown below on this _27th_ day of February 2018.

National Registered Agents, Inc.
2 Office Park Court, Suite 103
Columbia SC 29223

Susie Miller, Legal Secretary to
Jordan Law Firm
546 E. Main Street
Rock Hill, SC 29730
(803) 817-7999

Rock Hill, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF LAURENS | ) | CIVIL ACTION NO.: 2018-CP-30-____ |

| ANGIE HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **SUMMONS** |
| BELK, INC., and | ) | **(Jury Trial Demanded)** |
| TERESA BROUILLETTE, | ) | |
| Individually and as Agent, | ) | |
| Servant or Employee of | ) | |
| Belk, Inc. | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO: THE DEFENDANTS NAMED ABOVE:**

**YOU ARE SUMMONED AND REQUIRED** to answer the Complaint in this Action of which a copy is herewith served upon you, and to serve a copy of your answer on the subscribed at his office, 546 East Main Street, Post Office Box 11785, Rock Hill, South Carolina 29731, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the prescribed time, a judgment by default may be entered against you for the amount or other remedy requested in the attached complaint.

*s/ D. Bradley Jordan*

D. Bradley Jordan

Jordan Law Firm, P.C.

546 East Main Street

P.O. Box 11785

Rock Hill, SC 29730

bradjordan@comporium.net

803-817-7999

February 19, 2018

Rock Hill, South Carolina

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF LAURENS | ) | CIVIL ACTION NO.: 2018-CP-30-____ |
| | ) | |
| ANGIE HARRIS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| BELK, INC., and | ) | **(Jury Trial Demanded)** |
| TERESA BROUILLETTE, | ) | |
| Individually and as Agent, | ) | |
| Servant or Employee of | ) | |
| Belk, Inc. | ) | |
| Defendants. | ) | |
| | ) | |

## PARTIES AND JURISDICTION

1. The Plaintiff is an African American female who is a citizen and resident of City of Laurens in Laurens County, South Carolina.

2. The Defendant, Belk, Inc. upon information and belief is a corporation organized and existing under the laws of a State other than South Carolina. Belk, Inc., operates a department store in Laurens County, South Carolina and derives substantial economic benefit therefrom.

3. The Defendant, Teresa Brouillette, upon information and belief is a citizen and resident of Laurens County, South Carolina and was at all times hereinafter mentioned, the supervisor of Plaintiff. Defendant, Brouillette was at all times

hereinafter mentioned acting in both her individual capacity and as an agent, servant or employee of Belk, Inc. in Laurens County, South Carolina.

4. The acts and omissions complained of occurred in the City of Laurens, County of Laurens, South Carolina.

5. At all relevant times the Plaintiff was an employee of the Defendant, Belk, Inc. and her job performance met the reasonable expectations of her employer.

6. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 USC§ 2000(e) et seq., for sex discrimination, sexual harassment, race discrimination and retaliation. The Plaintiff further brings the action as to Defendant Brouillette under the state law claim of Civil Assault and Battery.

7. Plaintiff filed her charge of discrimination on or about May 14, 2017; Plaintiff has exhausted her administrative remedies, received the Dismissal and Notice of Right to Sue from the EEOC and this action is timely filed.

## FACTUAL ALLEGATIONS

8. Plaintiff began work for the Defendant, Belk, Inc. in Laurens, South Carolina on or about July, 2016. She worked as a Belk Associate until her constructive discharge on or about December 26, 2016.

9. Plaintiff is an African American female, date of birth, July 30, 1968 and is currently 49 years of age.

10. In or about September, 2016, Plaintiff reported that she was inappropriately touched/sexually harassed by her white female supervisor, Teresa Brouilette. The Plaintiff was groped by the supervisor on her buttocks. Plaintiff asked the supervisor not to do that and she reported the incident to management.

11. Plaintiff reported the incident to Rick Thompson who was supposed to report the incident to upper management. He did not.

12. In spite of the report of sexual harassment, Defendant Belk continued to place Plaintiff on the same shift with this supervisor which resulted in additional incidents of Plaintiff being grabbed and "spanked" with a clothes hanger by Defendant, Brouillette.

13. Plaintiff again reported the incidents to Rick Thompson and asked him if he had reported to upper management. He stated he did not. Plaintiff was instructed to "take Teresa aside" and talk to her. Plaintiff did confront Defendant Brouillette and told her not to touch Plaintiff. The offending supervisor, Defendant Teresa Brouillette responded, "Can I do it when no one is watching?"

14. As a result of Belk's refusal to do anything about the multiple reports of harassment, Plaintiff wrote to the Manager, Christina Pagan. Plaintiff also decided to submit a report to the police.

15. As a result of Plaintiff reporting sexual harassment, Defendant Belk began cutting her hours. Plaintiff went from working 20-30 hours per week to working as little as 6 hours a week some weeks. Furthermore, Belk knew that Plaintiff could not work on Sunday as Plaintiff is a minister. Belk began to schedule her for Sunday work.

16. Defendant Belk continued to schedule Plaintiff to work the same shift as Teresa Brouilette. After Plaintiff reported the harassment to the police department and to Christine Pagan, Teresa Brouilette would yell at her. Plaintiff was still required to work with her.

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179

17. After the report of sexual harassment, Belk by and through the white supervisors also would give Plaintiff the least desirable assignments. She would not be invited to work events and was denied an opportunity to watch training videos like the other similarly situated white employees. In fact, she would be required to unload trucks by herself while similarly situated white employees were not required to assist with the unloading.

18. Plaintiff would not be invited to dinners the same as the similarly situated white employees but instead would be required to go clean up the tables after the dinners.

19. On or about December 26, 2016, Plaintiff was constructively discharged. She was compelled to surrender her resignation due to the ongoing hostile work environment.

20. In spite of knowing about the ongoing harassment of Plaintiff by Teresa Brouillette, Defendant Belk continued to employee her and continued to place Plaintiff on her shift.

21. Plaintiff was wrongly subjected to an environment wherein she was exposed to sexual harassment. Belk had knowledge of the harassment since September, 2016, yet they have failed to take appropriate action. The reporting of sexual harassment and the subsequent retaliation was a motivating factor that resulted in Plaintiff being constructively discharged being written up. The sexual harassment is in violation of Title VII of the Civil Rights Act of 1964.

22. The sexual harassment and the fact that Defendant Belk continued to allow the person committing this sexual harassment against Plaintiff to continue to harass Plaintiff and have contact with Plaintiff has caused Plaintiff incalculable and

continuing mental anguish and emotional distress.

## FOR A FIRST CAUSE OF ACTION
### (Title VII, Sexual Harassment, hostile work environment)

23.  The allegations above are re-alleged herein as if repeated verbatim.

24.  The sexual harassment of Plaintiff was unwelcome, based on sex, sufficiently severe or pervasive to alter the conditions of employment, and created an abusive atmosphere. The Defendant was aware of the harassment and took no reasonable steps to prevent it. The actions and omissions of the Defendant were a knowing and willful violation of Title VII.

25.  As a direct result and consequence of the sexual harassment of Plaintiff by Defendant (hostile work environment) the Plaintiff has and will experience lost wages, pain and suffering, mental anguish, emotional distress and other compensatory damages.

26.  As a further direct result and consequence Plaintiff is entitled to damages from Defendant, including, back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Retaliation Title VII)

27.  The allegations contained above are re-alleged, all of them, as if repeated verbatim herein.

28.  The Plaintiff engaged in activities protected by Title VII as alleged hereinabove, including reporting sexually offensive conduct by her supervisor, Teresa Brouilette. As a direct result and consequence she was retaliated against by being continuously placed on the same shift with the person who sexually harassed her,

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179

she was given the least desirable assignments, she was not invited to work events, denied training and overall treated with disrespect.

29. Plaintiff was constructively discharged on or about December 26, 2016. She was forced to surrender her resignation due to the hostile work environment.

30. The Defendants actions were a knowing and willful violation of federal law and the Plaintiff is therefore entitled to punitive damages.

31. As a direct result and consequence of the unlawful retaliation and and constructive discharge of the Plaintiff by Defendant she will lose money in the nature of wages and benefits, experience pain suffering, mental anguish, emotional distress and other compensatory damages.

32. As a further direct result and consequence Plaintiff is entitled to damages from Defendant, including, back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

### FOR A THIRD CAUSE OF ACTION
### (Race Discrimination Title VII)

33. The allegations contained above are re-alleged herein as if repeated verbatim.

34. Plaintiff is an African American female who was subjected to sexual harassment by a white female supervisor. When she complained about the sexual harassment, she was treated differently than similar situated white employees and especially similarly situated white females.

35. The Defendant discriminated against the Plaintiff because of her race resulting in constructive discharge on or about December 26, 2016.

36. The violation of Title VII/ Race Discrimination was a knowing and willful violation of Title VII and Plaintiff is entitled to punitive damages.

37. As a direct result and consequence of Defendant's unlawful discrimination, the Plaintiff has and will lose money in the nature of wages and benefits, has and will experience emotional distress, mental anguish and other compensatory damages. Plaintiff is entitled to back pay, reinstatement, front pay, compensatory damages, punitive damages and attorney's fees and costs from Defendant.

## FOR A FOURTH CAUSE OF ACTION
### Civil Assault and Battery as to Teresa Brouillette

38. The allegations contained above are re-alleged herein as if repeated verbatim.

39. The Defendant, Teresa Brouillette, individually and as agent, servant or employee of Belk, Inc. placed the Plaintiff in reasonable apprehension of an offensive touching and actually did touch Plaintiff in an offensive manner by grabbing her buttocks, spanking her with a clothes hanger on multiple occasions.

40. The offensive touching by Defendant, Brouillette, was unwanted, without permission and was performed intentionally by Defendant, Brouillette, thereby violating Plaintiff's person and perpetuating an assault and battery in the form of sexual harassment of Plaintiff.

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179

41. The assault and battery/ offensive touching by Defendant, Brouillette was due to Plaintiff's sex and/or race.

42. As a direct and proximate result of the aforesaid assault and battery of Plaintiff, by Defendant, Brouillette, individually and as agent, servant or employee of Belk, Inc., the Plaintiff has been damaged as follows:

   a. The Plaintiff was forced to offer a resignation which was a constructive discharge to get away from the continued battery of her person;

   b. Plaintiff has lost wages and is entitled to back pay, front pay.

   c. Plaintiff endured pain, suffering and emotional distress.

   d. In other ways as may be determined at trial.

43. The Plaintiff is entitled to all actual damages as may be proven.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, for back pay, reinstatement, front pay, liquidated damages, compensatory damages, punitive damages attorney's fees and costs.

Respectfully submitted,

By: *s/ D. Bradley Jordan*

D. Bradley Jordan – SC Bar #0015288
Jordan Law Firm, PC
546 East Main Street
P.O. Box 11785
Rock Hill, South Carolina 29731
803-817-7999
803-817-9704 (Fax)
bradjordan@comporium.net

February 19, 2018
Rock Hill, South Carolina

ELECTRONICALLY FILED - 2018 Feb 22 12:57 PM - LAURENS - COMMON PLEAS - CASE#2018CP3000179